UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARNELL BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1212 |
| ) | |
| R. V. VEACH, Warden, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

This matter is now before the Court on Petitioner, Carnell Brown's ("Brown"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the Government's Motion to Dismiss. For the reasons set forth herein, the Motion to Dismiss [#6] is GRANTED, and the Petition [#1] is DISMISSED.

FACTUAL BACKGROUND

Following a jury trial, Brown was found guilty of one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) in the United States District Court for the Northern District of Illinois. After the district court determined that an underlying conviction for pandering did not constitute a violent felony for purposes of applying the Armed Career Criminal enhancement, he was sentenced to 150 months' imprisonment. Apparently unmindful that he had received the benefit of the doubt, Brown pursued an appeal to the Seventh Circuit, and the Government cross-appealed to challenge the district court's decision not to apply the enhancement. After finding that Brown's appeal had no merit, the Court of Appeals concluded that the district court had erred in finding that Brown's pandering conviction did not qualify as a violent felony, affirmed the conviction, and

remanded for resentencing. On remand, Brown was sentenced to 246 months' imprisonment.

On December 9, 2002, Brown filed a motion pursuant to 28 U.S.C. § 2255, in which he claimed ineffective assistance of appellate counsel. The district court summarily denied the motion. Brown attempted to pursue an appeal from this denial. However, the district court and Seventh Circuit both declined to issue a certificate of appealability, and his petition for writ of certiorari to the Supreme Court was denied.

On June 16, 2004, Brown filed an application with the Seventh Circuit seeking authorization to pursue a successive § 2255 motion in the district court. On June 30, 2004, his application was denied.

Brown has now brought this petition pursuant to § 2241 challenging his conviction and claiming that he is actually innocent of the Armed Career Criminal enhanced imposed upon him in light of the Supreme Court's recent decision in Shepard v. United States, 125 S.Ct. 1254 (2005). This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Brown does not challenge the circumstances of his confinement. Rather, he attacks the validity of a portion of his sentence and asks this Court to resentence him without the Armed Career Criminal enhancement. Accordingly,

this Petition involves a collateral attack on Brown's sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Brown has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a second or successive motion, which has not been granted in this case, or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241.  Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611.  To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated.  Id. at 611-12.

Here, Brown clearly fails the first prong of In re Davenport, as its is clear that Shepard is not retroactively applicable.  The Seventh Circuit has held that a decision of the Supreme Court is retroactive to second or successive cases on collateral review only if the Supreme Court expressly declares that retroactive application. Talbott v. Indiana, 226 F.3d 866, 868-69 (7th Cir. 2000); *see also*, Ashley v. United States, 266 F.3d 671, 672-73 (7th Cir. 2001).  As neither Shepard itself nor any other Supreme Court decision announces such

retroactivity, no application based on <u>Shepard</u> is authorized under the present circumstances.

Furthermore, <u>Shepard</u> did not constitute a new rule of law with respect to the Armed Career Criminal enhancement. Rather, the decision in <u>Shepard</u> did nothing more than clarify the Supreme Court's earlier decision in <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990), that a reviewing court must "look only to the fact of conviction and the statutory definition of the prior offense." In <u>Shepard</u>, the Supreme Court found that a reviewing court cannot look to complaint applications or police reports, but is generally limited to considering "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 125 S.Ct. At 1257. As such, the decision did not constitute any change in the law or new rule of law, and Brown fails to meet the standard of <u>Davenport</u> for this reason as well.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Brown's sentence, because he is procedurally barred from raising claims based on <u>Shepard</u>. Accordingly, Brown's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in <u>Davenport</u>, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice to the opportunity to seek permission to bring a second or successive petition from the Seventh Circuit Court of Appeals.

## CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss [#6] is GRANTED, and Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 14th day of October, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge